IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD W. ROWLAND,

    Plaintiff,                              CIV. NO. S-11-0304 MCE GGH PS

    vs.

PACIFIC GAS & ELECTRIC CORPORATION, et al.,

    Defendants.                         ORDER AND FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989); Franklin, 745 F.2d at 1227.
7           A complaint must contain more than a "formulaic recitation of the elements of a
8  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
9  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
10  "The pleading must contain something more...than...a statement of facts that merely creates a
11  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
12  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
13  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
14  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
15  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
16  the court to draw the reasonable inference that the defendant is liable for the misconduct
17  alleged."  Id.
18           Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
19  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
20  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
21  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
22  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
23           Plaintiff claims that defendants were negligent in protecting the public from
24  accidents at the Wise Canal, which caused the death of plaintiff's brother when he was eight
25  years old in 1953.  The only cause of action is for negligence, and plaintiff seeks compensatory
26  damages in the amount of $25 million.  Plaintiff is also seeking injunctive relief in the form of a

1 restraining order to prevent defendants from causing unintentional deaths at the Wise Canal and
2 other canals.

3    A district court has an independent duty to examine its own jurisdiction, which is
4 ordinarily determined from the face of the complaint.  <u>Sparta Surgical Corp. v. National Ass'n. of</u>
5 <u>Securities Dealers, Inc.</u>, 159 F.3d 1209, 1211 (9th Cir. 1998), quoting <u>Lexecon, Inc. v. Milberg</u>
6 <u>Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998), and <u>Ultramar</u>
7 <u>America Ltd. v. Dwelle</u>, 900 F.2d 1412, 1414 (9th Cir. 1990).

8    Federal district courts are courts of limited jurisdiction.  U.S. Const. Art. III, § 1
9 provides that the judicial power of the United States is vested in the Supreme Court, "and in such
10 inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore
11 confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See
12 <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Since federal
13 courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the
14 federal courts unless proven otherwise.  <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511
15 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  Lack of subject matter
16 jurisdiction may be raised at any time by either party or by the court.  See <u>Attorneys Trust v.</u>
17 <u>Videotape Computer Products, Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).

18    If a plaintiff has no standing, the court has no subject matter jurisdiction.

> "[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction." <u>Nat'l Wildlife Fed'n v. Adams</u>, 629 F.2d 587, 593 n. 11 (9th Cir.1980).  "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify the exercise of the court's remedial powers on his behalf."  <u>Warth v. Seldin</u>, 422 U.S. 490, 498- 99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (quoting <u>Baker v. Carr</u>, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)).  There are three requirements for standing: (1) "a plaintiff must have suffered an 'injury in fact'--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical;'" (2) "there must be a causal connection between the injury and the conduct complained of--the injury has to be 'fairly ...

>trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court;'" and (3) "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted) (alterations in original).

Washington Legal Foundation v. Legal Foundation of Washington, 271 F.3d 835, 847 (9th Cir. 2001) (en banc).

Plaintiff's claims require an interest or legal right to act on behalf of his deceased brother. Based on the facts alleged, plaintiff has no legally protected interest in his brother's estate, and therefore cannot have suffered an 'injury in fact,' or an invasion of any interest personal to him. As a result, the remaining factors required for standing do not come into play. Because plaintiff has no standing, the court has no subject matter jurisdiction over this case.

Furthermore, the court is unable to determine a separate jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v.

1  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
2  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
3  Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).
4         For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be
5  diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal
6  question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a
7  federal law or the United States Constitution, (2) allege a "case or controversy" within the
8  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr,
9  369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).
10        In this case, plaintiff alleges only negligence against defendants, which is a state
11 law claim.  There are no federal claims in the complaint.  Nor is there diversity jurisdiction
12 because both plaintiff and PG&E are residents of California.
13        Good cause appearing, IT IS ORDERED that: plaintiff's request for leave to
14 proceed in forma pauperis is granted.
15        For the reasons stated above, IT IS HEREBY RECOMMENDED that this action
16 be dismissed with prejudice for lack of subject matter jurisdiction.
17        These findings and recommendations are submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
19 fourteen (14) days after being served with these findings and recommendations, plaintiff may file
20 written objections with the court and serve a copy on all parties.  Such a document should be
21 captioned "Objections to Magistrate Judge"s Findings and Recommendations."   Plaintiff is
22 advised that failure to file objections within the specified time may waive the right to appeal the
23 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
24 DATED:  March 22, 2011
25        /s/ Gregory G. Hollows

U. S. MAGISTRATE JUDGE

26 GGH:076/Rowland0304.stn.wpd